## DENNIS v. RAINEY et al.

MUNICIPAL CORPORATION. *Rights of eminent domain. And general power over corporate property. Streets, etc. Sale of land. Forcible entry and detainer.* Case in point: The plaintiff was put in possession by the corporate authorities of Pulaski of a piece of property forming an angle between two streets, which he had, under these circumstances, occupied for nearly thirty years, when the city sold the same to the defendant as "a lot or parcel of ground," giving him a deed, etc., and in order to put the purchaser in possession, after giving plaintiff ten days' notice to vacate, the town constable, by order of the city council, destroyed plaintiff's enclosure, and placed defendant in occupation of the property, whereupon plaintiff sues in an action of forcible entry and detainer. Upon the trial the court below excluded the deed from evidence given by the city to defendant. Verdict was in favor of defendant. Held:

1. A municipal corporation, under the facts of this case, has no authority, by virtue of its general and charter powers, to remove nuisances from the streets, its right of eminent domain and general power over the corporate grounds to eject in the manner stated the occupant of a lot claimed by the city, in view of all the circumstances, to place its vendee of the same in possession.

2. Since the corporation might be estopped from treating the property thus sold as a street, thereby giving some technical advantages, it was improper to exclude the deed in evidence, though it could not be used as a muniment of title.

Question of estoppel and statute of limitations in their applicability to municipal corporations discussed.

---

### FROM GILES.

---

Appeal from the Circuit Court. A. M. HUGHES, Judge.

T. M. JAMERSON for plaintiff.

BROWN & McCOLLUM for defendants.

SNEED, J., delivered the opinion of the court.

We must hold the judgment in this case to be erroneous. The action is forcible entry and detainer for a small parcel of ground in the town of Pulaski, and the trial resulted in a verdict and judgment in favor of defendants, from which the plaintiff has appealed. The lot in controversy is an angle formed by the intersection of two streets, and adjoins the lot on which the plaintiff resides.

About thirty years before the beginning of this litigation the municipal authorities, having no use for the premises, either as a street or common, put the plaintiff in possession thereof, and he held it enclosed as a part of his garden for many years, with intervals during the war, perhaps, of dilapidated fences and a want of a perfect enclosure. About the 29th of November, 1867, the plaintiff then being in possession of the lot, and having it in full cultivation as a garden, the corporation of the town of Pulaski sold the lot to defendant Rainey, and upon ten days' notice to quit served upon the plaintiff under an order of the council, by the town constable, and the failure of the plaintiff to surrender the possession, that officer, acting, it seems, under like orders, tore down the fence of plaintiff around the lot, and gathered his vegetables, which he threw over into the plaintiff's lot, and put defendant Rainey in possession, who at once put a house on it. The corporate authorities claimed this power under its general incidental and charter powers to remove nuisances from the streets, its rights of

eminent domain and general power over the corporate grounds.

The defendants were permitted to rely on the proceedings of the mayor and council, showing the sale to them, whereupon the production of the deed was demanded by plaintiff, and it was produced.

The plaintiff protested that the corporation had no right to force him out of the possession in that summary way, or, indeed, to interfere at all, as it had parted, by its sale to Rainey, with all its interest in the lot. And the plaintiff proposed to show by the deed that the lot was sold *as a lot*, and not as a street or common, or part of the street, and the corporation relied upon its corporate control over its streets and commons. The plaintiff held the defendants to an estoppel by the recitals of the deed.

When matters had become thus complicated the learned judge withdrew the deed from the jury entirely, holding it inadmissible for any purpose. The case is an anomalous one. The law of forcible entry and detainer was intended as a conservator of the peace, and to try the mere right of possession of real property by the peaceful instrumentalities of the law rather than by the strong arm which makes might right. The plaintiff was in the possession, and had been for many years, with the premises enclosed. The witnesses say that he had for many years claimed the property as his own. If it had been a street, an alley, or a common, and he a tenant at sufferance, and the title still in the corporation, then the corporation, being a miniature sovereign, with its limited

rights of eminent domain, certainly had the power to abate any nuisance upon its streets or public grounds upon due notice, even in the summary method adopted by the constable in this case, or to widen or prolong any street or alley by adding this lot to it. But like the plaintiff in this case, we do not very clearly see what right the corporation had to interfere between the plaintiff and its vendee after it had denuded itself of all interest in the lot. Its police powers over this lot, except as they were to be exercised for the general good, had certainly ceased with its alienation of the premises. It seems to us that the law has not been administered to this plaintiff. An interesting question, yet an open one, as we believe, in this State, might grow out of this complication, if the plaintiff failing ultimately to produce the paper title he claims to have once had, should be able to prove a sufficient adverse possession as against the corporation. While it is said "a municipal corporation does not own and cannot alien public streets or places, and no laches on its part, or on that of its officers, can defeat the right of the public thereto, yet there may grow up in consequence private rights of more persuasive force in this particular case than those of the public."

It may be found, says the author from whom we quote, that cases will arise of such a character that justice requires that an equitable estoppel shall be asserted even against the public, but if so, such cases will forever be a law unto themselves, and do not fall within the legal operation of limitation statutes.

2 Dillon Mun. Corp., 639. But yet there are cases which broadly hold that a notorious and uninterrupted possession by an individual or a private corporation, under a claim of right, land dedicated to a city for public squares or streets for the period of the statute of limitations, will bar the city of the claim to its use. 8 Ohio, 298; 5 Ohio, 594.

It seems from the charter of the town of Pulaski that the mayor and aldermen may sell and convey streets or parts of streets, alleys or public grounds, by consent of adjacent proprietors and upon notice to them. Amended charter, 1850, secs. 11, 18. The right to treat the lot in controversy as a street, might have been parted with by deed, or perhaps by long *non user*. At all events, since its conveyance "as a lot or parcel of ground" to the defendant Rainey, the corporation and its privies in estate might perhaps be estopped from treating it as a street, and hence the production of the deed in this case was not only legitimate on the part of the plaintiff, but a matter of prime importance upon which to base an estoppel if he could. The title, however, not being in issue in this action, it was certainly not admissible as a muniment of title. Whether it be such estoppel or not, it is not now proper to determine. It is certain, however, that Rainey himself, the vendee, could not, with the title deed in his hand, have thus summarily dispossessed the plaintiff, and upon what principle the corporation could do so with no title at all we cannot see.

There are many other alleged errors which we will

not take time to discuss. They will, perhaps, not occur upon another investigation. We hold that the court erred in withdrawing the deed from the consideration of the jury.

Reverse the judgment and award a new trial.